c

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| PAMELYN GAGNARD,<br>Plaintiff | CIVIL DOCKET NO. 1:22-CV-04132 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE FARM FIRE & CASUALTY CO ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company (collectively "State Farm"). ECF No. 27. State Farm seek dismissal of all claims against them on the grounds that Plaintiff, Pamelyn Gagnard ("Gagnard"), is not insured by State Farm for the losses alleged in her Complaint. *Id.* at 1.

Gagnard did not appear at the Status Conference held on April 23, 2025, and State Farm's Motion is unopposed. Because Defendants did not issue the insurance policy sued upon in the Complaint, the Motion to Dismiss (ECF No. 27) should be GRANTED.

I.  <u>Background and Procedural History</u>

The Complaint was filed by attorneys associated with McClenny, Moseley & Associates, PLLC ("MMA"). ECF No. 1. As a result of numerous irregularities in

1

hurricane-related lawsuits filed by MMA, the Court stayed this and similar litigation. ECF No. 4. Once the stay was lifted, MMA was terminated as counsel and Gagnard was designated pro se. ECF Nos. 7 and 25. Thereafter, State Farm filed this Motion to Dismiss (ECF. No 27) based on the Complaint's erroneous inclusion of multiple State Farm entities, despite State Farm Fire & Casualty Company being the sole issuer of the policy referenced by number in the complaint. The relevant policy, Number 18-CA-H615-8, issued by State Farm Fire & Casualty Company to Gagnard, is attached to the Motion to Dismiss as Exhibit A. ECF No. 27.[1] Gagnard has not opposed the Motion and did not appear at the Status Conference held on April 23, 2025.

II. <u>Law & Analysis</u>

    A. <u>The Court should dismiss the Complaint if it fails to state a claim upon which relief can be granted.</u>

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted." But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted).

---

[1] Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. However, courts may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). Furthermore, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)) (internal citation and quotation omitted).

### B. The Complaint states no cause of action against Defendants.

Under Louisiana law, an insurance policy is a contract and its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "In order to succeed on a breach of contract claim, the plaintiff must prove the existence of the contract, a breach of the obligations therein, and damages." *Allday v. Newpark Square I Office Condo. Ass'n, Inc.*, 327 So. 3d 566, 574 (La. App. 5 Cir. 2021). Importantly, "no action for breach of contract may lie in the absence of privity of contract between the parties." *Howard v. First United Pentecostal Church of DeRidder,* 2022 WL 194380 at *2 (W.D. La. 2022) (citation omitted); *Pearl River*

*Basin Land and Dev. Co., L.L.C. v. State, ex rel. Governor's Office of Homeland Sec. and Emergency Preparedness*, 29 So. 3d 589, 592 (La. Ct. App. 1st Cir. 2009).

Here, Policy Number 18-CA-H615-8 forms the basis of the Complaint. ECF No. 1 at 1. The Policy shows that it was State Farm Fire & Casualty Company, not State Farm General or State Farm Auto, that insured Gagnard's property on the alleged dates of loss. ECF No. 27-1 at 4. Because the Policy reflects that neither State Farm General Insurance Company nor State Farm Mutual Automobile Insurance Company provided the relevant insurance coverage, and because Gagnard has not disputed this fact, nor provided any opposition to the instant motion, the Court concludes that she has not stated a claim upon which relief can be granted. *See Smith v. GeoVera Advantage Ins. Servs., Inc.*, 2022 WL 1470983, at *2 (E.D. La. May 10, 2022).

### III. Conclusion

In light of the foregoing, IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 27) be GRANTED, and that Gagnard's claims against State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company be DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, April 28, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE