c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAMELYN GAGNARD, Plaintiff | CIVIL DOCKET NO. 1:22-CV-04132 |
| VERSUS | JUDGE DONALD E. WALTER |
| STATE FARM FIRE & CASUALTY CO ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Complaint filed by Pamelyn Gagnard ("Gagnard"). ECF No. 1. Although she was ordered to personally appear (ECF No. 31 at 5), Gagnard did not appear at a Status Conference held on April 23, 2025, and has taken no further action in her case. Because Gagnard has failed to comply with orders or otherwise prosecute the case, the Complaint (ECF No. 1) should be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b).

I. **Background and Procedural History**

The Complaint was filed by attorneys associated with McClenny, Moseley & Associates, PLLC ("MMA"). ECF No. 1. As a result of numerous irregularities in hurricane-related lawsuits filed by MMA, the Court stayed this and similar litigation. ECF No. 4. Once the stay was lifted, MMA was terminated as counsel and Gagnard was designated pro se. ECF Nos. 7, 25 and 31.

The Court initially scheduled a status conferencefor March 25, 2025 and Gagnard was ordered to personally appear. ECF No. 25 at 5. She did not. However, on March 27, 2025, Gagnard notified the Clerk of Court of her updated address. Thereafter, a second status conference was set for April 23, 2025. ECF. No. 31 at 5. Plaintiff was specifically cautioned that her failure to appear at the conference may result in adverse consequences such as a recommendation that the case be dismissed. *Id.* Gagnard, again, did not appear.

Since the Court's Order in February terminating Gagnard's former counsel, Gagnard has taken no further action in the case. State Farm General Insurance Company and State Farm Mutual Automobile Insurance Company filed a Motion to Dismiss (ECF. No 27), which was granted. ECF. No 32. Gagnard failed to respond to the motion. State Farm Fire & Casualty Co. is the sole remaining Defendant.

II. **Law & Analysis**

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.* at 629-630. Unless the dismissal order states otherwise, a dismissal under Fed. R. Civ. P. 41(b) operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

As noted above, Gagnard has taken no action in her case since her initial designation as a pro-se litigant on February 6, 2025. She did not appear at the March 25 status conference and did not provide an updated address until March 27. Thereafter, she has neither responded to any filing or Court order, or appeared as ordered otherwise, despite knowing that potential sanctions or other adverse relief could follow.

As noted above however, dismissal with prejudice is an extreme sanction. In the absence of a record of lesser sanctions proving futile and giving every benefit of the doubt to the plaintiff, this Court concludes dismissal should be without prejudice.

### III.    Conclusion

Accordingly, IT IS RECOMMENDED that all remaining claims in the Complaint (ECF No. 1) against Defendant State Farm Fire & Casualty Co. be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and

Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, July 18, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE